COPY

## IN THE CIRCUIT COURT OF WILLIAMSON COUNTY, TENNESSEE
### AT FRANKLIN

PARK VILLAGE PARTNERS,

Plaintiff,

CASE NO. **2016-53**

**JURY DEMAND**

v.

MIDDLESEX MUTUAL ASSURANCE COMPANY,

    Defendant.

---

## COMPLAINT

---

COMES NOW the Plaintiff, Park Village Partners ("Park Village"), by its attorneys, for its Complaint against Defendant, Middlesex Mutual Assurance Company ("Middlesex Mutual"), states as follows:

### NATURE OF THE ACTION

1.    Park Village brings this action for breach of contract due to Middlesex Mutual's failure to comply with the insurance policy it issued to Park Village and to pay insurance benefits for damages to covered property.

### PARTIES

2.    At all relevant times hereto, Park Village was and is a Tennessee Limited Partnership that owned and operated an apartment complex in Williamson County, Tennessee, located at 1000 Park Village Court, Fairview, Tennessee 37062 (hereafter be referred to as the "Insured Premises").

3.    Middlesex Mutual is an insurance company with its principal place of business in Middletown, Connecticut. Middlesex Mutual is registered to do business in Tennessee and is

1

EXHIBIT
1

engaged in the business of issuing property and casualty insurance policies for property located within Tennessee, including Williamson County.

## JURISDICTION AND VENUE

4.    This Court has subject matter and personal jurisdiction over the parties to this cause of action.  Park Village brings this complaint solely under state law and not under any federal statute, law, rule or regulation, and specifically not under the United States Constitution, nor any of its amendments.

5.    A cause of action exists under Tennessee state law for claims regarding the conduct complained of herein.

6.    Jurisdiction is proper as to Middlesex Mutual pursuant to T.C.A. § 20-2-214(a)(1) and (4), because Middlesex Mutual transacts business within the State of Tennessee and entered into a contract of insurance covering property located within the State of Tennessee.

7.    Venue is proper pursuant to T.C.A. § 20-4-104 because it is the county where all or a substantial part of the events or omissions giving rise to the cause of action accrued.

## FACTS COMMON TO ALL COUNTS

8.    Middlesex Mutual issued an insurance policy that provided Businessowners coverage to Park Village, Policy Number WA 9171405 00 (the "Policy"), with the effective dates of January 17, 2014 to January 17, 2015 for the Insured Premises.   The Policy is incorporated herein by reference as if set forth verbatim.

9.    Under the Policy, Middlesex Mutual agreed to pay for covered direct physical loss and damage to the Insured Premises, including loss and damage caused by wind and hail.

10.    Park Village paid the premiums due on the Policy in a timely manner.

11.    Park Village has performed all of the duties and responsibilities required of it

2

under the Policy, or alternatively, has been excused from performance by Middlesex Mutual's acts, representations and/or conduct.

12. On or about April 3, 2014, Park Village suffered direct, physical loss of or damage to the Insured Premises due to a wind and hail storm (the "Loss").

13. The Policy was in full force and effect at the time of the Loss.

14. Damage from wind and hail is a covered cause of loss under the Policy.

15. Park Village promptly and properly made a claim to Middlesex Mutual for insurance benefits under the Policy, Claim Number 06B82023 (the "Claim").

16. Park Village's Claim included the costs to repair and/or replace the damage to the Insured Premises caused by the Loss.

17. Park Village fulfilled all other duties required of it under the Policy after discovery of the Loss.

18. Pursuant to the Policy, Middlesex Mutual has a contractual obligation to fully investigate and adjust the loss, and pay the full amount of Park Village's covered losses, including the costs to repair and/or replace the damage.

19. · Although Park Village has performed all conditions precedent to its right to recovery under the Policy, Middlesex Mutual has failed and refused to make payment to Park Village. Unable to resolve the claim outside of litigation, Park Village promptly sought and retained counsel to assist it in the bringing of this action.

## COUNT I – BREACH OF CONTRACT

20. Park Village reasserts and re-alleges paragraphs 1-19 as paragraph 20 of Count I as though fully set forth herein.

21. The Policy was a binding contract at the time of the Loss, and was supported by

valid consideration.

22.     Pursuant to the Policy, Middlesex Mutual has a contractual obligation to fully investigate and adjust the Loss, and pay the full amount of Park Village's covered losses, including the costs to repair and/or replace the damage.

23.     Park Village has performed all conditions precedent to its right to recovery under the Policy.

24.     Middlesex Mutual is liable to Park Village for the full amount allowed by the Policy for the Loss.

25.     Middlesex Mutual refused and continues to refuse to pay for all of the benefits due Park Village under the Policy, including the full costs to repair and/or replace the hail and wind damage to the Insured Premises, forcing Park Village to litigate.

26.     Middlesex Mutual materially breached its contract with Park Village by:

     a. not promptly paying Park Village all benefits owed as a result of the covered Loss; and

     b. not putting Park Village in the position it would have been in had it timely performed all of its contractual duties.

27.     As a direct and proximate result of Middlesex Mutual's breach of contract, Park Village has sustained substantial compensable losses for the amounts claimed under the Policy, including but not limited to the replacement cost of the damage to the Insured Premises caused by the Loss, temporary repairs, and other amounts owed to Park Village pursuant to the Policy, plus consequential damages.

28.     Middlesex Mutual's breach of contract was intentional, fraudulent, malicious, and/or reckless, therefore justifying an award of punitive damages. *See, e.g., Riad v. Erie Ins. Exchange*, 436 S.W.3d 256, 276 (Tenn. Ct. App. Oct. 31, 2013). Specifically, Middlesex Mutual intentionally, fraudulently, maliciously, and/or recklessly: (1) failed to effectuate a

4

prompt and fair settlement of Park Village's claim when liability was reasonably clear; (2) refused and failed to conduct a reasonable, prompt, and fair investigation concerning the issues surrounding Park Village's claim for insurance proceeds; (3) unjustly refused and/or failed to pay Park Village's claim for its own financial preservation with no reasonable or justifiable basis; (4) denied Park Village's claim for no valid reason whatsoever; (5) failed to treat Park Village's interests with equal regard to its own; (6) promised prompt action and claim-handling but then failed to provide any payment or even any prompt communication or status report; (7) failed and refused to pay Park Village's valid claim; and (8) failed to timely investigate, scope, and estimate the Loss. Middlesex Mutual knew, or reasonably should have known, that Park Village was justifiably relying on the money and benefits due it under the terms of the Policy. Nevertheless, acting with conscious disregard for Park Village's rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on Park Village, Middlesex Mutual consciously ignored Park Village's valid claim and then denied Park Village's claim and withheld monies and benefits rightfully due Park Village. Park Village seeks, and is entitled to, punitive damages.

WHEREFORE, Plaintiff, Park Village Partners, demands judgment in its favor against Defendant, Middlesex Mutual Assurance Company, as follows:

A. For compensatory damages not to exceed $275,000;

B. For punitive damages not to exceed $2,500,000;

C. For specific performance of the Policy;

D. For all costs incurred by Park Village as a result of this action;

E. For pre- and post-judgment interest; and

F. For such other further and general relief as this Court deems just and equitable.

5

## DEMAND FOR A JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

GILBERT RUSSELL McWHERTER
SCOTT BOBBITT PLC

J. BRANDON McWHERTER #21600
bmcwherter@gilbertfirm.com
*Attorneys for Plaintiff*
341 Cool Springs Blvd, #230
Franklin, Tennessee 37067
Telephone: (615) 354-1144
Facsimile: (731) 664-1540

## COST BOND

This firm stands as surety for costs in this cause.

6

RECEIVED

FEB 22 2016

CIRCUIT COURT
SUMMONS

CAUSE. NO. **2016-53**

## STATE OF TENNESSEE
## IN THE CIRCUIT COURT OF WILLIAMSON COUNTY, TENNESSEE

TO:   MIDDLESEX MUTUAL ASSURANCE COMPANY.
     c/o Commissioner of Insurance
     500 James Robertson Parkway
     Nashville, TN 37243-0565

**RETURN**
to Circuit Court

You are summoned to appear and defend a civil action filed against you entitled:

### PARK VILLAGE PARTNERS
v.
### MIDDLESEX MUTUAL ASSURANCE COMPANY

which has been filed in Circuit Court, Williamson County, Tennessee, and your defense must be made within thirty (30) days from that date this summons is served upon you. You are further directed to file your defense with the Clerk of the court and send a copy to J. Brandon McWherter, Gilbert Russell McWherter Scott & Bobbitt PLC, Plaintiffs' Attorney, whose address is 341 Cool Springs Blvd., Suite 230, Franklin, TN 37067. In case of your failure to defend this action by the above date, judgment by default can be rendered against you for the relief demanded in the complaint.

ISSUED: _____2-4_____, 2016.

Debbie McMillan Barrett, Clerk

By: _____
     Deputy Clerk

---

### RETURN OF SERVICE

    I hereby certify and return, that on the _____ day of _____, 2016,
I served this summons together with a copy of the complaint herein as follows: _____

_____

_____

_____

_____
Sheriff

_____
Deputy Sheriff

 CT Corporation

**TO:**   James M. Jacobs, General Counsel
Illinois Agricultural Association
1701 Towanda Ave Ofc of
Bloomington, IL 61701-2057

**RE:**   **Process Served in Tennessee**

**FOR:**   Middlesex Mutual Assurance Company  (Domestic State: CT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Park Village Partners, Pltf. vs. Middlesex Mutual Assurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint |
| **COURT/AGENCY:** | Williamson County Circuit Court, TN<br>Case # 201653 |
| **NATURE OF ACTION:** | Insurance Litigation - Claim for policy benefits |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 02/12/2016 postmarked on 02/10/2016 |
| **JURISDICTION SERVED :** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after the summons has been served upon you |
| **ATTORNEY(S) / SENDER(S):** | J. Brandon McWherter<br>GILBERT RUSSELL McWHERTER SCOTT BOBBITT PLC<br>341 Cool Springs Blvd.<br>Suite 230<br>Franklin, TN 37067<br>615-354-1144 |
| **REMARKS:** | Documents were served upon the Department of Commerce and Insurance on February 8, 2016 and forwarded to CT Corporation |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/12/2016, Expected Purge Date: 02/17/2016 |
| | Image SOP |
| | Email Notification, Wendy Schaffer  wschaffer@ilfb.org |
| | Email Notification, James M. Jacobs  jjacobs@ilfb.org |
| | Email Notification, Neil J. Napolitano  nnapolitano@ilfb.org |
| | Email Notification, Teresa Mitchell  tmitchell@ilfb.org |
| | Email Notification, Deb Kaminski  dkaminski@ilfb.org |
| | Email Notification, Noel Stutzman  nstutzman@ilfb.org |

Page 1 of  2 / RK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**TO:** James M. Jacobs, General Counsel
Illinois Agricultural Association
1701 Towanda Ave Ofc of
Bloomington, IL 61701-2057

**RE:** **Process Served in Tennessee**

**FOR:** Middlesex Mutual Assurance Company (Domestic State: CT)

Email Notification, Stephanie Nackers  snackers@ilfb.org

Email Notification, Kathy Chamberlain  kchamberlain@ilfb.org

Email Notification, Kathy Seggerman  kseggerman@ilfb.org

Email Notification, Allison Vaughn  avaughn@ilfb.org

**SIGNED:**
**ADDRESS:**          C T Corporation System
                      800 S. Gay Street
                      Suite 2021
                      Knoxville, TN 37929-9710
**TELEPHONE:**        216-802-2121

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.



TN  Department of
    **Commerce &**
    **Insurance**

Service of Process
500 James Robertson Parkway
Nashville, Tennessee 37243

CERTIFIED MAIL

7015 0640 0007 0042 0538

7015 0640 0007 0042 0538    2/8/16
MIDDLESEX MUTUAL ASSURANCE COMPANY
800 S GAY STREET, STE 2021, % C T CORP.
KNOXVILLE, TN 37929-9710

U.S. POSTAGE
PITNEY BOWES
$ 06.95⁰
02 1R
0002009736    FEB 10 2016
MAILED FROM ZIP CODE 37243

FIRST CLASS

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

February 08, 2016

Middlesex Mutual Assurance Company          Certified Mail
800 S. Gay Street, Ste 2021, % C T Corp.     Return Receipt Requested
Knoxville, TN  37929-9710                              7015 0640 0007 0042 0538
NAIC # 14532                                              Cashier # 24251

Re:     Park Village Partners  V.  Middlesex Mutual Assurance Company

          Docket # 2016-53

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of
Commerce and Insurance was served February 08, 2016, on your behalf in connection with
the above-styled proceeding.  Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
      Williamson County
      135 4Th Avenue South, Ste. 203
      Franklin, Tn  37064-2500

**SUMMONS**　　　　　　　　　　　　　　　　CAUSE. NO. **2016-53**

## STATE OF TENNESSEE
## IN THE CIRCUIT COURT OF WILLIAMSON COUNTY, TENNESSEE

TO:　**MIDDLESEX MUTUAL ASSURANCE COMPANY.**
　　　**c/o Commissioner of Insurance**
　　　**500 James Robertson Parkway**
　　　**Nashville, TN 37243-0565**

COPY

You are summoned to appear and defend a civil action filed against you entitled:

### PARK VILLAGE PARTNERS
v.
### MIDDLESEX MUTUAL ASSURANCE COMPANY

which has been filed in Circuit Court, Williamson County, Tennessee, and your defense must be made within thirty (30) days from that date this summons is served upon you. You are further directed to file your defense with the Clerk of the court and send a copy to **J. Brandon McWherter, Gilbert Russell McWherter Scott & Bobbitt PLC,** Plaintiffs' Attorney, whose address is **341 Cool Springs Blvd., Suite 230, Franklin, TN 37067.** In case of your failure to defend this action by the above date, judgment by default can be rendered against you for the relief demanded in the complaint.

ISSUED: ____2-4_____, 2016.

　　　　　　　　　　　　　　　**Debbie McMillan Barrett, Clerk**

　　　　　　　　By: _*Anne Picken PC*_
　　　　　　　　　　　　Deputy Clerk

---

### RETURN OF SERVICE

I hereby certify and return, that on the _____ day of _____, 2016, I served this summons together with a copy of the complaint herein as follows: _____

_____

_____
_____

_____
Sheriff

_____
Deputy Sheriff